Approved: *Michael R Herman*             **20M8519**
         MICHAEL R. HERMAN
         Assistant United States Attorney

Before:    HONORABLE ONA T. WANG
           United States Magistrate Judge
           Southern District of New York

------------------------------------x

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT |
| - v. - | Violations of 21 U.S.C. § 841 and 2 |
| JOSHUA GENAO, | |
| Defendant. | COUNTY OF OFFENSE: BRONX |

------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss:

    ASIM SHEIKH, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
(Possession with Intent to Distribute a Controlled Substance)

    1. On or about August 11, 2020, in the Southern District of New York, JOSHUA GENAO, the defendant, intentionally and knowingly did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

    2. The controlled substance involved in the offense was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(A).

    (Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A); Title 18, United States Code, Section 2.)

    The bases for my knowledge of the foregoing charges are, in part, as follows:

3.   I am a Detective with the NYPD.  This affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals.  Because this affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation.  Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4.   Based on my participation in this investigation, including my review of law enforcement reports, photographs, video, and other documents, and my conversations with other law enforcement officers, I have learned the following, in substance and in part:

   a.   On or about the late evening hours of August 11, 2020, a male individual, who identified himself with the last name "Genao," and later determined to be JOSHUA GENAO, the defendant, placed two 911 calls to report a potential burglary in progress at his home, a particular apartment (the "Apartment") located on the fifth floor of a building in the Bronx, New York (the "Building").

   b.   Responding NYPD patrol officers arrived at the Building shortly after midnight on or about August 12, 2020.  Upon entering the Building and proceeding to the fifth floor, they observed that the front door to the Apartment had been broken in and saw an axe nearby, which appeared to have been used to break down the door.  Officers did not observe anyone in or near the Apartment, however.

   c.   Upon conducting a canvas search of the common areas of the Building, officers located a large safe (the "Safe") in the Building's first floor stairwell, several flights down from the Apartment on the fifth floor.

   d.   Officers brought the Safe back to an NYPD precinct and conducted an inventory search with members of the NYPD emergency service unit ("ESU") in order to determine the Safe's owner.  ESU officers were able to open the Safe and discovered that it contained, among other things, several large bags of suspected crack cocaine; approximately $31,000 in United States currency bundled together in what appeared to be uniform increments; several pieces of jewelry, including a Rolex watch; and several forms of identification, including a Florida driver's license, birth certificate, and social security card all in the

name of JOSHUA GENAO, the defendant.  A photograph of the contents of the Safe is shown below:



        e.   Based on the discovery of GENAO's identification cards from inside the Safe, officers determined that GENAO might be the owner of the Safe.  Accordingly, officers placed a phone call to a phone number believed to be used by GENAO, which they located from law enforcement databases.  When GENAO answered the phone, officers identified themselves, informed GENAO that they had taken possession of the Safe after responding to an attempted burglary at the Building, and invited GENAO to come to the precinct to retrieve the Safe.

        f.   On or about August 12, 2020, in the early afternoon, GENAO arrived at the precinct with a hand truck large enough to transport the Safe.

        g.    Other officers and I then spoke to GENAO in the precinct. GENAO stated, in substance and in part, that the Safe was his and that he had brought the hand truck with him to retrieve the Safe.

        h.    Other officers and I then read GENAO his *Miranda* rights, which he waived both orally and in writing and agreed to speak further with officers. GENAO then stated, in substance and in part, that he lived in the Apartment and that the Safe belonged to him. GENAO also stated, in substance and in part, that he had security equipment in the Apartment and that the equipment had reported an intruder in the Apartment the previous night. When asked if he could provide law enforcement with the code to open the Safe, GENAO stated, in substance and in part, that he wished to open the Safe himself. GENAO was then placed under arrest.

   5.    Based on my training and experience in the identification of narcotics, and my review of the photograph of the contents of the Safe, reproduced above, I believe that the white rock-like substance recovered from the Safe is cocaine base, in a form commonly referred to as "crack cocaine," with an aggregate weight of approximately one kilogram.

   6.    I have reviewed criminal history records pertaining to JOSHUA GENAO, the defendant, from which I have learned that GENAO has numerous arrests and convictions for narcotics-related charges, including, in part, the following:

        a.    On or about February 1, 2012, GENAO was convicted in New York County Supreme Court of criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39, a felony.

        b.    On or about April 18, 2003, GENAO was convicted in New York County Supreme Court of attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.16, and criminal sale of a controlled substance in the fifth degree, in violation of New York Penal Law § 220.31, both felonies.

WHEREFORE, I respectfully request that JOSHUA GENAO, the defendant, be imprisoned or bailed, as the case may be.

s/ Asim Sheikh/otw
_____
ASIM SHEIKH
Detective  Badge No 3416
New York City Police Department

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to
Federal Rule of Criminal Procedure 4.1, this
13th day of August, 2020

_____
THE HONORABLE ONA T. WANG
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK